UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RODNEY EDWARD STEWART | : | Civil Action No. 3:09-CV-00473 |
| Petitioner, | : | (Judge McClure) |
| v. | : | |
| RICARDO MARTINEZ, Warden, | : | |
| Respondent | : | |

**MEMORANDUM**

July 28, 2009

**BACKGROUND:**

On March 13, 2009, petitioner, Rodney Edward Stewart, an inmate presently confined in the Allenwood United States Penitentiary, ("USP-Allenwood"), filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Named as respondent is USP-Allenwood Warden Ricardo Martinez. On June 23, 2009, this court dismissed the petition without prejudice, as Stewart's challenge to the amount of his IFRP payments did not concern either the fact or duration of his confinement in prison. Rather, his request for relief was based upon a condition of confinement claim, which should be brought pursuant to the Civil Rights Act.

-1-

Now before the court is Stewart's Motion for Reconsideration. (Rec. Doc. No. 11). No supporting brief has been filed in accordance with Middle District Local Rule 7.10, although petitioner did set forth fully the reason for the motion in the motion. Although respondent was not required to file an opposing brief until served with petitioner's supporting brief, he did so anyway. (Rec. Doc. No. 12). As a result of the petitioner's fully setting forth the reasoning for his motion in his motion, and the respondent's filing of an opposing brief, we will waive the requirement for petitioner to have filed a supporting brief. No reply brief has been filed; thus the matter is ripe for disposition.

Now, therefore, for the following reasons we will deny petitioner's motion for reconsideration.

**DISCUSSION:**

A motion for reconsideration is a device of limited utility. Its purpose is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court's altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error

of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate in instances where the court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Rohrbach v. AT & T Nassau Metals Corp., 902 F.Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F.Supp. 712 (M.D. Pa. 1996) (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D.Va.1983)). It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. Drysdale v. Woerth, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Cas. Co. v. Diversified Indus., Inc., 884 F.Supp. 937, 943 (E.D. Pa. 1995).

Stewart's Motion for Reconsideration does not argue an intervening change in the controlling law; the availability of new evidence that was not available when the court entered judgment; or the need to correct a clear error of law or fact or to

prevent manifest injustice. See Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).  Stewart's motion simply reargues his theory that the Bureau of Prisons does not have the authority to run the Inmate Financial Responsibility Program.  A motion for reconsideration may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. See Drysdale v. Woerth, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001).

For the foregoing reasons, we will deny petitioner's motion for reconsideration.

    s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RODNEY EDWARD STEWART | : | Civil Action No. 3:09-CV-00473 |
| Petitioner, | : | (Judge McClure) |
| v. | : | |
| RICARDO MARTINEZ, Warden, | : | |
| Respondent | : | |

## ORDER

July 28, 2009

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Stewart's Motion for Reconsideration is DENIED. (Rec. Doc. No. 11).

2. The clerk is directed to close the case file.

    s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge